FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 0 6 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

BETSEY NIEVES and XARIEL CAMBRELEN,

                           Plaintiffs,

          - against -

MICHAEL FAHMY, POLICE OFFICER
JOHN DOE 1-15, and THE CITY OF NEW
YORK,

                           Defendants.

------------------------------------------------------------- X

**MEMORANDUM DECISION and ORDER**

15 Civ. 7297 (AMD) (ST)

**ANN DONNELLY, District Judge.**

The plaintiffs filed this lawsuit on June 22, 2015, in connection with their November 15, 2013 arrest and subsequent imprisonment for drug-related crimes, against Detective Michael Fahmy, unnamed police officers, and the City of New York. On November 16, 2016, I dismissed the plaintiff's claims for false arrest, false imprisonment, and malicious prosecution claims against the individual officers, and dismissed the claims against the City. Because the defendants had omitted discussion of certain claims, I issued an order instructing the plaintiff to show cause why the following claims should not be dismissed: deprivation of the right to a fair trial, failure to intervene, supervisory liability, and claims for violations of Section 1981. The plaintiff and the defendants responded to that order. Now, for the reasons discussed below, the plaintiff's complaint is dismissed in its entirety.

1

## BACKGROUND

On November 15, 2013, the plaintiffs were "at or near" 132 Harrison Avenue in Staten Island; they claim that they were "committing no crime," were "not acting in a suspicious manner," and were not "in possession of any contraband or controlled substances." (Compl. ¶¶ 12–15.) The plaintiffs contend that they were "unlawfully and without just cause, approached, accosted, falsely arrested and falsely imprisoned." (Compl. ¶ 16.)

According to the plaintiffs, Detective Michael Fahmy, "with the acquiescence of other defendants, misrepresented facts in the police reports and other documents." (Compl. ¶ 19.) The plaintiffs say that "false information and evidence, including the possession of marajuhana was used against the plaintiff[s] and formed the basis of the criminal charges against them." (Compl. ¶ 20.) Then, the plaintiffs were held for "approximately 24 hours" before they were released. (Compl. ¶¶ 17–18.) They were charged with criminal possession of a controlled substance in the seventh degree and unlawful possession of marijuana. The plaintiffs were "compelled to make numerous court appearances" between the date of their arrest and April 21, 2015, when the criminal court judge dismissed the charges. (Compl. ¶¶ 17–18.)

The plaintiffs also allege that "supervisory defendants personally caused" the plaintiffs' "constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees." (Compl. ¶¶ 57, 107.) They complain that the alleged violations are "not isolated incidents," and assert that New York Police Department leadership should be aware that officers "are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives." (Compl. ¶ 23.) In support of this contention, the plaintiffs cite lawsuits, notices of claim, and complaints filed with the NYPD's Internal Affairs Bureau and the City of New York's Civilian Complaint

Review Board. (Compl. ¶ 23.)

On May 23, 2016, the defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), but did not move to dismiss all of the plaintiff's claims. In their opposition, the plaintiffs include new factual allegations that were not in their complaint.[1] I granted the defendants' motion, and issued an order to show cause why the remaining claims should not be dismissed. The plaintiff submitted a response to that order on December 6, 2016. The defendants responded on December 28, 2016. The plaintiff filed a reply to the defendants' submission on January 27, 2017. For the reasons that follow, the complaint is dismissed in its entirety.

## DISCUSSION

While the court must accept all factual allegations as true, *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012), the same rule does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* While "detailed factual allegations" are not required, the plaintiffs must make more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that provides mere "labels and conclusions" or "a formulaic recitations of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

---

[1] The plaintiffs allege that they were inside their own home, asleep, at about 6:00 a.m., when Detective Fahmy and unnamed police officers, "broke down the door of the plaintiff's home and came inside with guns drawn." (Pls.' Mem. at 1 (ECF No. 31).) Then, according to the plaintiffs, the defendants ordered them to lie down, and threatened to shoot them if they did not comply. (Pls.' Mem. at 1 (ECF No. 31).)

## A. Malicious Abuse of Process

In order to make an adequate allegation of malicious abuse of process, the plaintiffs must establish that the defendants "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, (2) with the intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Arrington v. City of N.Y.*, 628 F. App'x 46, 49 (2d Cir. 2015) (quoting *Savino v. City of N.Y.*, 331 F.3d 63, 76 (2d Cir. 2003)). A collateral purpose is one beyond or in addition to criminal prosecution. *Arrington v*, 628 F. App'x at 49. A "malicious motive alone . . . does not give rise to a cause of action for abuse of process." *Savino*, 331 F.3d at 77. Rather, the plaintiffs must establish that the defendants had an improper purpose in bringing the action. *Id.*

In their complaint, the plaintiffs say that the reason the defendants arrested them was to receive overtime compensation and "credit for an arrest." In response to my order to show cause, the plaintiffs maintain that the collateral objective of the abuse of process was "obtaining money." (Pl.'s Resp. to Show Cause at 13 (ECF No. 38).) However, the plaintiff cites to no case, and I have found none, to suggest that an allegation that the arresting officer sought to receive overtime for an otherwise lawful arrest constitutes an abuse of process.

The Second Circuit has clarified that improper purposes include, for example, "extort[ing] money" or "coerc[ing] action." *Hauser v. Bartow*, 273 N.Y. 370, 374 (1937). Here, the plaintiffs make no such allegation. Rather, they simply claim that the defendants made the arrest so that they could incur overtime, and thus get paid more money. Even if this were true, however, it does not establish an improper purpose. The plaintiffs must allege that the officers "aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Savino*, 331 F.3d at 77. They have not done so.

4

Moreover, "[t]he pursuit of a collateral objective must occur *after* the process is issued; the mere act of issuing process does not give rise to a claim." *De Santis v. City of N.Y.*, No. 10-cv-3508-NRB, 2011 WL 4005331, at *8 (S.D.N.Y. Aug. 29, 2011) (citation omitted). The plaintiff has not alleged that Detective Fahmy did anything after the issuance of process. Because the plaintiffs have not adequately pled abuse of process, that cause of action is dismissed. *See also Walker v. City of N.Y.*, No. 14-cv-808-ER, 2015 WL 4254026, at *5 (S.D.N.Y. July 14, 2015) (dismissing abuse of process claim, in which the plaintiff alleged that the defendants arrested them in order to gain overtime compensation).

### B. Deprivation of Right to a Fair Trial

In response to my order to show cause, the plaintiffs cite *Garnett v. Undercover Officer C0039*, 838 F.3d 265 (2d Cir. 2016) to support their contention that they have stated a claim for deprivation of a right to a fair trial. To state a claim for deprivation of a right to a fair trial, the plaintiff must allege that an "(1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Id.* at 279.

As I observed in my order granting the motion to dismiss in part, the plaintiffs' complaint "says almost nothing about what actually happened to them."[2] *Nieves v. Fahmy*, No. 15-cv-7297-AMD-ST, 2016 WL 6804926, at *3 (E.D.N.Y. Nov. 16, 2016). Rather, the complaint is simply a laundry list of legal conclusions, with no factual content at all. Because the plaintiffs' complaint does not plead what Detective Fahmy did to fabricate information, or how this information was conveyed to prosecutors, the plaintiffs have not plausibly alleged that they were deprived of their right to a fair trial. Thus, those claims are dismissed.

---

[2] As explained in my earlier decision, I do not consider the additional allegations included in the plaintiffs' response to the defendants' motion to dismiss. *Nieves*, 2016 WL 6804926, at *7.

### C. Failure to Intervene and Supervisory Liability

As the November 16, 2016 order made clear, the complaint does not specify which of the alleged constitutional violations forms the basis for the failure to intervene claim. *Forney v. Forney*, 96 F. Supp. 3d 7, 13 (E.D.N.Y. 2015) ("there can be no failure to intervene claim without a primary constitutional violation."), nor does it adequately plead the personal involvement of the John Doe defendants in any alleged constitutional deprivation. The plaintiff makes no argument that changes that conclusion. Under the circumstances, the failure to intervene and supervisory liability claims are dismissed.

### D. Section 1981

In their submissions subsequent to my November 16, 2016 order, the plaintiffs included no opposition to dismissal of their Section 1981 claims. Because the plaintiffs failed to make a plausible claim that they were discriminated against on the basis of race, and that they were prevented from pursuing judicial enforcement of any rights, their claims arising under Section 1981 are dismissed.

### CONCLUSION

For the reasons set out above, the plaintiffs have not stated a claim upon which relief can be granted. Accordingly, the complaint is dismissed in its entirety.

**SO ORDERED.**

s/Ann M. Donnelly
———————————————
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
February 6, 2017